UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY,<br><br>                    Plaintiff,<br>    v.<br><br>TRAFFORD PUBLISHING COMPANY,<br><br>                    Defendant. | CASE NO. 17-5459 RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO APPOINT STANDBY COUNSEL, MOTION REQUESTING CONFERENCE, AND REQUEST FOR PRO SE ORDER |

This matter comes before the Court on the Plaintiff's Motion to Appoint Stand-By Counsel to Assist Petitioner (Dkt. 12), Motion Requesting Conference (Dkt. 15), and "Request for Pro-Se Order in Pierce County Jail" (Dkt. 14). The Court has reviewed the motions and remaining record.

This breach of contract case was filed by Plaintiff, *pro se*, who is proceeding *in forma pauperis* ("IFP"). On July 10, 2017, the Court set initial deadlines in the case, including the Fed. R. Civ. P. 26 (f) conference deadline, which is September 25, 2017, the initial disclosure

1 deadline, which is set for October 2, 2017; and the Joint Status Report, which is due by October 10, 2017. Dkt. 9. On July 21, 2017, the Court directed the Clerk of the Court to send to Defendant by U.S. mail at the address provided in the summons filled out by Plaintiff (Dkt. 10): copies of Plaintiff's Complaint (Dkt. 7), the order directing service, the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons. Dkt. 13.

Plaintiff now moves for an order appointing standby counsel (Dkt. 12), moves for a conference to take place at the Pierce County Corrections and Detention Center (Dkt. 15), and requests an "order from court declaring pro-se status" (Dkt. 14). Each of Plaintiff's pleadings will be considered in turn.

**Plaintiff's motion for appointment of counsel**. Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel only in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In his motion, Plaintiff states that he is incarcerated, does not have access to all the legal materials he requires, is worried about meeting deadlines, and is concerned about making errors. Dkt. 12.

The Plaintiff's motion for appointment of counsel (Dkt. 12) should be denied. The Plaintiff has not yet shown that the claims have merit or shown a likelihood of success on the merits. Further, he appears to be able to articulate his claims adequately in light of the legal issues involved. The Plaintiff made the decision to file this case while he was in custody. While it will
ORDER ON PLAINTIFF'S MOTION TO APPOINT STANDBY COUNSEL, MOTION REQUESTING CONFERENCE, AND REQUEST FOR PRO SE ORDER - 2

be more difficult to process, the circumstances of this case do not make appointment of counsel necessary or just, nor does the case present exceptional circumstances. The motion for appointment of counsel (Dkt. 12) should be denied.

**Motion for a Conference at the Jail**. To the extent that Plaintiff is moving the Court for an order requiring Defendant to attend the parties' Fed. R. Civ. P. 26 (f) conference at the Pierce County Jail (Dkt. 15) this motion is premature and should be denied without prejudice. This case was just filed. The Defendant may have no notice of the case. In any event, parties are expected to work together to meet case deadlines. Motions are to be filed only after parties have attempted to work together, and only if absolutely necessary. There is no showing that the parties have attempted to work together to resolve how or where to have the Rule 26 (f) conference and were unable to agree. This motion should be denied without prejudice.

**Request for Pro Se Order**. Plaintiff moves the Court for "an order from court declaring pro-se status to copy and mail legal documents from Pierce County Jail." Dkt. 14. He asserts that the "jail policy requires this document to litigate in forma pauperis/pro se." *Id*.

On July 10, 2017, Plaintiff was sent a paper copy of the order granting him IFP status. Dkt. 6. To the extent that Plaintiff seeks an additional copy of the motion (Dkt. 14), his motion should be granted. The Clerk of the Court should be directed to resend a copy of the Court's July 10, 2017 order granting Plaintiff IFP status (Dkt. 6). It is unclear what other documentation Plaintiff requires or what other relief, if any, he seeks. To the extent he seeks other relief, the motion should be denied without prejudice.

/

/

**ORDER**

It is **ORDERED** that:

- Plaintiff's Motion to Appoint Stand-By Counsel to Assist Petitioner (Dkt. 12) **IS DENIED**;
- Plaintiff's Motion Requesting Conference (Dkt. 15) **IS DENIED WITHOUT PREJUDICE**; and
- Plaintiff's "Request for Pro-Se Order in Pierce County Jail" (Dkt. 14) **IS GRANTED** to the extent that Plaintiff seeks an additional copy of the order granting him IFP status, and **IS DENIED WITHOUT PREJUDICE** to the extent that Plaintiff seeks other relief.

The Clerk is directed to resend a copy of the Court's July 10, 2017 order granting Plaintiff IFP status (Dkt. 6) to Plaintiff's last known address.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of August, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge