UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY, <br><br> Plaintiff, <br><br> v. <br><br> TRAFFORD PUBLISHING COMPANY, <br><br> Defendant. | CASE NO. 17-5459 RJB <br><br> ORDER DENYING PLAINTIFF'S MOTION TO ENTER TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on the Plaintiff's "Motion Requesting Court Grant Temporary Restraining Order pursuant to Local Court Rules 65." Dkt. 26. The Court has reviewed the motion and remaining record.

This breach of contract case was filed by Plaintiff, a *pro se* prisoner in the Pierce County Corrections and Detention Center ("PCCDC") who is proceeding IFP. Dkt. 1. He claims, in part, that the Defendant publishing company failed to pay him royalties on books he wrote. Dkt. 7. On July 21, 2017, the Court directed the Clerk of the Court to send to Defendant by U.S. mail at the address provided in the summons filled out by Plaintiff (Dkt. 10): copies of Plaintiff's Complaint (Dkt. 7), the order directing service, the notice of lawsuit and request for waiver of

ORDER DENYING PLAINTIFF'S MOTION TO ENTER TEMPORARY RESTRAINING ORDER - 1

service of summons, and a waiver of service of summons. Dkt. 13.  On August 21, 2017, a waiver of service of summons was returned to the court, signed by "Melissa M. Bauer, Secretary Get Published! LLC, successor in interest to Trafford Publishing, LLC, 1663 Liberty Drive, Bloomington, IN, 47403." Dkt. 21.

Plaintiff now moves the Court for a temporary restraining order to stop Defendant from selling any of Plaintiff's books nationally and internationally "until this civil suit is settled or otherwise resolved." Dkt. 26.  Plaintiff asserts that "the Defendant has profited continuously since 2006 without honoring the terms of the contracts with Plaintiff." *Id*.

**Plaintiff's Motion for TRO**.  Under Fed. R. Civ. P. 65 (b)(1), a TRO may be issued by the court "without written or oral notice to the adverse party or its attorney only if:  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice."

Plaintiff fails to make any of the required showings under Rule 65.  He has not "clearly show[n] immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or "certifies in writing any efforts made to give notice."  His motion (Dkt. 26) should be denied.

To the extent he is seeking a preliminary injunction, the motion should be denied.  A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff has failed to demonstrate a "likely to succeed on the merits." *Winter,* at 20. Aside from Plaintiff's allegation that the parties have a contract and that he is not getting paid the royalties he thinks he may have earned under the contract, there is no evidence in the record to support his assertions. He asserts that he has not been paid, but does not demonstrate "that he is likely to suffer irreparable harm in the absence of preliminary relief" as a result. *Winter,* at 20. He further fails to show "that the balance of equities tips in his favor, or that an injunction is in the public interest." *Winter,* at 20. Plaintiff's motion (Dkt. 26) should be denied.

**ORDER**

It is **ORDERED** that:

- Plaintiff's "Motion Request Court Grant Temporary Restraining Order pursuant to Local Court Rules 65" (Dkt. 26) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, Melissa M. Bauer, Secretary Get Published! LLC, successor in interest to Trafford Publishing, LLC, 1663 Liberty Drive, Bloomington, IN, 47403, and to any party appearing pro se at said party's last known address.

Dated this 14th day of September, 2017.

ROBERT J. BRYAN
United States District Judge