| | |
|---|---|
| GARY CASTERLOW-BEY,<br><br>Plaintiff,<br><br>v.<br><br>TRAFFORD PUBLISHING COMPANY,<br><br>Defendant. | CASE NO. 17-5459 RJB<br><br>ORDER ON PLAINTIFF'S MOTIONS TO APPOINT MEDIATOR AS ESTABLISHED BY LCR 7 (F), FOR TRO, AND FOR DEFAULT JUDGMENT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on the Plaintiff's Motion to Appoint Mediator as Established by [Local Rule W.D. Wash.] ("Local Rule") 7 (f) (Dkt. 23), Motion for Default Judgment (Dkt. 33), and Motion Requesting Temporary Restraining Order (Dkt. 32). The Court has reviewed the pleadings filed regarding the motions and remaining record.

**I.** **FACTS**

ORDER ON PLAINTIFF'S MOTIONS TO APPOINT MEDIATOR AS ESTABLISHED BY LCR 7 (F), FOR TRO, AND FOR DEFAULT JUDGMENT - 1

1    This breach of contract case was filed by Plaintiff, *pro se*, who is a prisoner proceeding *in

2    forma pauperis* ("IFP"). Dkts. 1, 6, and 7. He claims, in part, that the Defendant publishing

3    company failed to pay him royalties on books that he wrote. Dkt. 7.

4        On July 21, 2017, the Court directed the Clerk of the Court to send to Defendant by U.S.

5    mail at the address provided in the summons filled out by Plaintiff (Dkt. 10): copies of Plaintiff's

6    Complaint (Dkt. 7), the order directing service, the notice of lawsuit and request for waiver of

7    service of summons, and a waiver of service of summons. Dkt. 13. On August 21, 2017, a

8    waiver of service of summons was returned to the court, signed by "Melissa M. Bauer, Secretary

9    Get Published! LLC, successor in interest to Trafford Publishing, LLC, 1663 Liberty Drive,

10   Bloomington, IN, 47403." Dkt. 21.

11       On September 5, 2017, Plaintiff filed this Motion to Appoint Mediator as Established by

12   Local Rule 7 (f). Dkt. 23. In this pleading, Plaintiff states that it is "[his] deepest desire to

13   resolve this dispute amicably," and so moves for appointment of a mediator. *Id.* He asserts that

14   "this forum will best serve resolution in civil suit pretrial." *Id.*

15       On September 13, 2017, Plaintiff filed a motion for default judgment, asserting that

16   default judgment should be entered against Defendant for failure to appear and to be represented

17   by an attorney admitted to practice before this Court. Dkt. 33.

18       He also filed a motion for a temporary restraining order ("TRO") against the Defendant.

19   Dkt. 32. Plaintiff argues in that motion, "that until this lawsuit is resolved, it is not fair for

20   Defendant to continue to gain financially from Plaintiff's copyrighted work." *Id.* Plaintiff noted

21   the motion for September 13, 2017. *Id.* This motion was entered into the case docket after the

22   Court denied, on September 14, 2017, Plaintiff's motion for a TRO (Dkt. 26) "to stop Defendant

23   from selling any of Plaintiff's books nationally and internationally 'until this civil suit is settled

24

ORDER ON PLAINTIFF'S MOTIONS TO APPOINT MEDIATOR AS ESTABLISHED BY LCR 7 (F), FOR TRO, AND FOR DEFAULT JUDGMENT - 2

or otherwise resolved.'" Dkt. 28.  Plaintiff has also filed motions for TROs to force the Pierce County, Washington jail, where he is being held, to pay for his postage and copies on all legal documents.  Dkts. 24 and 26.  Both of those motions were denied.  Dkts. 25 and 27.

On September 19, 2017, Defendant appeared and filed an Answer to the Complaint.  Dkt. 28. (In the Court's September 20, 2017 order, a typographical error appears:  the order states that "[o]n October 19, 2017, defense counsel appeared for Defendant and Defendant filed an Answer to the Complaint."  Defense counsel appeared and an answer was filed on September 19, 2017. Dkt. 28.  The Court's September 20, 2017 order (Dkt. 31), page 2, line 3 should be amended as follows: the month of "October" is changed to "September" to properly reflect the docket.)

On September 22, 2017, Defendant filed a response opposing Plaintiff's motion for a TRO. Dkt. 35.  Defendant argues that the Plaintiff fails to show that he is entitled to a TRO, and in any event, it has "immediately placed a hold on all distribution of Plaintiff's books," so Plaintiff cannot demonstrate irreparable harm if the TRO is not granted.  *Id.*

This opinion will first address Plaintiff's motion for appointment of a mediator, then his motion for default judgment, and lastly, his motion for a TRO.

## II. DISCUSSION

**Motion for Appointment of Mediator**.  Plaintiff's Motion to Appoint Mediator as Established by Local Rule 7 (f) (Dkt. 23) should be denied without prejudice.  Local Rule 7 (f) does not apply to Plaintiff's motion; it addresses motions to file over-length briefs.  Under Local Rule 39.1 (c)(1), the parties may, by stipulation, move "for mediation under this rule at any time."  While mediation may be a possible way to resolve this dispute, the Defendant did not join in this motion as is required in a stipulation.  This motion should be denied without prejudice.

**Motion for Default Judgment**. Plaintiff's Motion for Default Judgment (Dkt. 33) should be stricken as moot. Fed. R. Civ. P. 55 provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."

Defendant has now appeared through counsel and filed an answer. Dkt. 28. The Plaintiff's motion for default judgment is now moot and should be stricken.

**Motion for TRO**. Plaintiff's Motion Requesting Temporary Restraining Order (Dkt. 32) should be denied. Under Fed. R. Civ. P. 65 (b)(1), a TRO may be issued by the court "without written or oral notice to the adverse party or its attorney only if: specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice."

Plaintiff fails to make any of the required showings under Rule 65. He has not "clearly show[n] immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or "certifies in writing any efforts made to give notice." His motion (Dkt. 32) should be denied.

### III. ORDER

It is **ORDERED** that:

- The Court's September 19, 2017 Order (Dkt. 31), page 2, line 3 **IS AMENDED** as follows: the month of "October" is changed to "September" to properly reflect the docket;

- Plaintiff's Motion to Appoint Mediator as Established by LCR 7 (f) (Dkt. 23) **IS DENIED WITHOUT PREJUDICE;**

- Plaintiff's Motion for Default Judgment (Dkt. 33) **IS DENIED**; and
- Plaintiff's Motion Requesting Temporary Restraining Order (Dkt. 32) **IS DENIED**.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of September, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge