UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY,<br><br>                    Plaintiff,<br>    v.<br><br>TRAFFORD PUBLISHING COMPANY,<br><br>                    Defendant. | CASE NO. 17-5459 RJB<br><br>ORDER ON PLAINTIFF'S MOTION REQUESTING SUBPOENA FOR NON-PARTY DISCOVERY AND ON MOTION FOR MEDIATION |

      This matter comes before the Court on the Plaintiff's "Motion Requesting Subpena [sic] for Non-Party Discovery Pursuant to Fed. R. Civ. P. Rule 45 (b)(1), Rule 34 (2)(1), and 28 U.S.C. § 1915(d)" (Dkt. 41) and Plaintiff's motion for mediation under Local Rule W.D. Wash. 39.1 (c)(1) (Dkt. 41-1). The Court has reviewed the pleadings filed regarding the motions and remaining record.

### I.    FACTS

| | |
|---|---|
| 1 | This breach of contract case was filed by Plaintiff, *pro se*, who is a prisoner proceeding *in forma pauperis* ("IFP"). Dkts. 1, 6, and 7. He claims, in part, that the Defendant publishing company failed to pay him royalties on books that he wrote. Dkt. 7. |
| 2 | |
| 3 | |
| 4 | On July 21, 2017, the Court directed the Clerk of the Court to send to Defendant by U.S. mail at the address provided in the summons filled out by Plaintiff (Dkt. 10): copies of Plaintiff's Complaint (Dkt. 7), the order directing service, the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons. Dkt. 13. On August 21, 2017, a waiver of service of summons was returned to the court, signed by "Melissa M. Bauer, Secretary Get Published! LLC, successor in interest to Trafford Publishing, LLC, 1663 Liberty Drive, Bloomington, IN, 47403." Dkt. 21. |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | On September 5, 2017, Plaintiff filed a Motion to Appoint Mediator as Established by Local Rule 7 (f). Dkt. 23. In this pleading, Plaintiff stated that it is "[his] deepest desire to resolve this dispute amicably," and so moved for appointment of a mediator. *Id.* On September 13, 2017, Plaintiff filed a motion for default judgment, asserting that default judgment should be entered against Defendant for failure to appear and to be represented by an attorney admitted to practice before this Court. Dkt. 33. He also filed a motion for a temporary restraining order ("TRO") against the Defendant. Dkt. 32. Plaintiff argued in that motion, "that until this lawsuit is resolved, it is not fair for Defendant to continue to gain financially from Plaintiff's copyrighted work." *Id.* Plaintiff noted the motion for September 13, 2017. *Id.* This motion was entered into the case docket after the Court denied, on September 14, 2017, Plaintiff's motion for a TRO (Dkt. 26) "to stop Defendant from selling any of Plaintiff's books nationally and internationally 'until this civil suit is settled or otherwise resolved.'" |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

ORDER ON PLAINTIFF'S MOTION REQUESTING SUBPOENA FOR NON-PARTY DISCOVERY AND ON MOTION FOR MEDIATION - 2

1   On September 19, 2017, Defendant appeared and filed an Answer to the Complaint. Dkt. 28. On September 22, 2017, Defendant filed a response opposing Plaintiff's motion for a TRO. Dkt. 35. Defendant argued that the Plaintiff fails to show that he is entitled to a TRO, and in any event, it has "immediately placed a hold on all distribution of Plaintiff's books," so Plaintiff cannot demonstrate irreparable harm if the TRO was not granted. *Id.*

Plaintiff has also filed motions for TROs to force the Pierce County, Washington jail, where he is being held, to pay for his postage and copies on all legal documents. Dkts. 24 and 26.

All Plaintiff's motions were denied. Dkts. 25, 27, and 37.

In addition to this case, Plaintiff filed similar actions related to the sale and distribution of his books against:

 (1) Google.com and Amazon.com, *Casterlow-Bey v. Google.com, et al.*, Western District of Washington case number 17-5686 RJB, filed on August 30, 2017;

(2) Ebay.com, *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, filed on August 30, 2017;

(3) Amazon.com, Google.com, Barnes and Nobles.com, Ebay.com, and Trafford Publishing Company, *Casterlow-Bey v. Amazon, et al.*, Western District of Washington case number 17-5833 RJB, filed on October 13, 2017; and

(4) Barnes and Nobles, *Casterlow-Bey v. Barnes and Nobles*, Western District of Washington case number 17-5834 RJB, filed October 13, 2017.

**PENDING MOTIONS**

In his current motion, Plaintiff seeks a subpoena duces tecum for "non-parties" so that the Plaintiff can "secure vital, critical discovery." Dkt. 41. He seeks "all records of sales of all

Casterlow–Bey books" from: Amazon.com, Google.com, Ebay.com, Barnes and Nobles.com, and Bargin [sic] Force Books Express. *Id.* Plaintiff also moves for mediation under Local Rule W.D. Wash. 39.1 (c)(1). Dkt. 41-1.

## II. DISCUSSION

**Motion for Subpoena**. All discovery is subject to the requirements of Fed. R. Civ. P. 26 (b)(1), which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26 (2)(C)(i) further provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Under Fed. R. Civ. P. 45 (a)(1), a subpoena may direct non-party to a case to produce designated documents or electronically stored information. Particularly where, as here, service of the subpoena duces tecum is sought to be done by the U.S. Marshal, pursuant to 28 U.S.C. § 1915 (d), the issuance of the subpoena "is subject to limitations." *See Heilman v. Lyons*, 2:09-CV-2721 KJN P, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010). Further, "[w]hile discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).

**Entities that Plaintiff is Suing in Other Cases**. Plaintiff's motion for issuance of a

subpoena duces tecum for the sales records of "non-parties" Amazon.com, Google.com, Ebay.com, and Barnes and Nobles.com (Dkt. 41) should be denied. As he did in this case, Plaintiff has made the same or similar claims against Amazon.com, Google.com, Ebay.com, Barnes and Nobles.com related to the sales and distribution of his book in several other cases. *Casterlow-Bey v. Google.com, et al.*, Western District of Washington case number 17-5686 RJB; *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB; *Casterlow-Bey v. Amazon, et al.*, Western District of Washington case number 17-5833 RJB; and *Casterlow-Bey v. Barnes and Nobles*, Western District of Washington case number 17-5834 RJB. All parties in those cases are obligated to follow the Federal Rules of Civil Procedure regarding discovery. Plaintiff should not be permitted to shortcut those rules by filing a motion like this in a case that those parties are not named. Each of these entities' sales records may be sought in the litigation in which they are parties, and so the discovery sought here is "unreasonably cumulative" and "duplicative" and should be denied. Rule 26 (2)(C)(i).

**Non-Party**. As to his motion for a subpoena duces tecum for the sales records of "Bargin [sic] Force Books Express" (Dkt. 41), Plaintiff makes no showing that he cannot obtain records of all sales of his book from Trafford, a "source that is more convenient, less burdensome," and "less expensive" than this third party. "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982).

Plaintiff's motion for issuance of a subpoena duces tecum (Dkt. 41) as to all the entities should be denied.

**Motion for Mediation**. Under Local Rule 39.1 (c)(1), the parties may, by stipulation,

move "for mediation under this rule at any time." While mediation may be a possible way to resolve this dispute, the Defendant did not join in this motion as is required in a stipulation. This motion (Dkt. 41-1) should be denied without prejudice.

### III. ORDER

It is **ORDERED** that:

- Plaintiff's "Motion Requesting Subpena [sic] for Non-Party Discovery Pursuant to Fed. R. Civ. P. Rule 45 (b)(1), Rule 34 (2)(1), and 28 U.S.C. § 1915(d)" (Dkt. 41) **IS DENIED;** and

- Plaintiff's motion for mediation under Local Rule W.D. Wash. 39.1 (c)(1) (Dkt. 41-1) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of October, 2017.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge