UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY, <br><br> Plaintiff, <br><br> v. <br><br> TRAFFORD PUBLISHING COMPANY, <br><br> Defendant. | CASE NO. 3:17-cv-05459-RJB <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Trafford Publishing Company's ("Trafford") Motion for Summary Judgment. Dkt. 51. The Court has considered the pleadings filed regarding the motion and the remainder of the record herein.

This case arises from the Defendant's alleged failure to pay pro se Plaintiff Gary Casterlow-Bey royalties on books he authored. Dkt. 7. Defendant now moves for summary dismissal of the claims asserted against it pursuant to Fed. R. Civ. P. 56. Dkt. 51. Plaintiff was given a notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir 1998) on June 29, 2018. Dkt. 56. Plaintiff filed two responses to the motion. Dkts. 55 and 57. The motion for summary

judgment (Dkt. 51) should be granted because Plaintiff's claims are barred by res judicata, Plaintiff fails to point to genuine issues of material fact, and Defendant is entitled to a judgment of dismissal as a matter of law.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND FACTS

In 2006, Plaintiff contracted with Trafford Holdings, Ltd. ("Trafford") to self-publish his book *Through the Eyes of a Gangster;* and in 2008, he contracted with Trafford to self-publish *Through the Eyes of a Gangster II*. Dkts. 7 at 2 and 53-2, at 1-2. (According to the Defendant, "Trafford Publishing Company," the named Defendant in this case, never existed. Dkt. 53, at 1. The Defendant has construed the Complaint as referring to "Trafford Publishing," which, Defendant maintains, is the trade name of Get Published! LLC, which is a subsidiary of Author Solutions, LLC. *Id*. In 2009, Trafford's assets were purchased by what is now Author Solutions, LLC. *Id.* Plaintiff offers no evidence to the contrary. Accordingly, the Court will construe the claims made in the Complaint against the answering Defendant Trafford Publishing.) Trafford states that, "[a]s a result of the 2009 transaction and the passage of time, Trafford does not have a copy of Plaintiff's signed contracts for his first two novels." Dkt. 53, at 2. The record contains a copy of the form contracts used at the time. Dkt. 53.

Plaintiff acknowledges in the Complaint that he and Trafford "reached another agreement," in 2014, to publish a third book, *Wildflower*. Dkt. 7, at 2. On December 7, 2013, Plaintiff entered (via an electronic signature) an Author Agreement to Trafford['s] Terms and Conditions (Dkt. 53-3) and an Installment Payment Agreement (Dkt. 53-4). Plaintiff paid an initial payment of $500.00, and agreed to pay a remaining $940.00 in two monthly installments to purchase Trafford's "Tablet Black & White Publishing Package." Dkt. 53, 53-2, 53-3 and 53-

4. Plaintiff defaulted on this plan, and Trafford agreed to allow Plaintiff to buy a discounted Novo package in April of 2014. Dkts. 53, at 4; 53-5, and 53-6, at 4.

In May of 2014, Trafford states that Plaintiff informed it he was in jail and was given information about a niece who would help him. Dkt. 53-6, at 2.

Trafford asserts that on June 28, 2014, Plaintiff entered into a Service Agreement, which replaced the December 7, 2013 Author Agreement. Dkt. 53, at 3. In support of its' motion for summary judgment, Trafford points to this June 28, 2014 contract, entitled "Self-Publishing Services Agreement," containing Plaintiff's electronic signature, an address of "15007 Weststorm LN SW, Lakewood, WA 98498," and an email address of "garycasterlow@78gmail.com." Dkt. 53-7.

Plaintiff contends that the June 28, 2014 contract in Trafford's records is "falsified and forged" and that he did not sign it. Dkt. 57, at 1. He contends that the "Weststorm Lane" address in Lakewood, Washington and the listed phone number do not exist. *Id.* Plaintiff maintains he was in jail at the time, and could not have signed this document. Dkt. 55, at 2.

On July 25, 2014, from the email address on the June 28, 2014 contract, Plaintiff emailed Nick Arden, of Trafford, returning electronically signed copies of an "Interior Sign-Off and Pricing" document and a "Cover Sign-Off," regarding *Wildflower,* which, in part, provided that**: [b]y signing this form, I attest that the interior is ready for publication and distribution.** *By distribution, we mean the book will be made available for public sale on retail websites like the Trafford bookstore, Amazon, Barnes and Noble, and other online retail websites.*" Dkt. 53-9, at 3-4 (*emphasis in original*).

Trafford states that it distributed all three books in accordance with the agreements with Plaintiff. Dkt. 53, at 3. It notes that once a book is sold, and then offered by a third party seller,

Trafford has no ability to set the price and such sales do not qualify for royalty payments. *Id*.

While Plaintiff maintains in some pleadings that he "has not received a royalty payment on any book sale from [Trafford] since 2009," (Dkt. 57, at 2) in other pleadings, Plaintiff acknowledges that "from 2009 until 2017[,] Plaintiff has received approximately five (5) royalty payments that grossed less than $500" (Dkt. 7, at 3). Trafford's records are in accord: between January 2007 and July 2009, Plaintiff sold 116 copies of his books that resulted in $101.57 in royalty payments; between October 2009 and July 2017, Plaintiff sold an additional 86 copies, resulting in $173.46 in royalty payments. *Id*., at 28-31 and 41-44. Trafford also points to some checks which were cashed by Plaintiff or his designee. Dkt. 53-11, at 1-3.

### B. PLAINTIFF' COMPLAINT AND DEFENDANT'S SUBSEQUENT ACTION

On June 14, 2017, Plaintiff, while a prisoner in the Pierce County, Washington, Jail, filed this case. Dkt. 1. His Complaint makes claims for a breach of contract (for failure to pay him royalties), copyright infringement, and fraud. Dkt. 7. The Complaint also asserts that the forged contract "was on its face a deliberate conspiracy to deny [Plaintiff] adequate compensation for his copyrighted work;" and that Trafford's actions "rise to the level of criminal activity, *i.e*. fraud, forgery, and criminal conspiracy." *Id*. Plaintiff seeks an order requiring Trafford to "cease and desist all sales" of Plaintiff's books and $10 million in damages. *Id*.

On September 19, 2017, Trafford wrote Plaintiff a letter, construing statements made in the Complaint in this case as a "notice by [Plaintiff] exercising [his] right to terminate the agreements governing the publishing and selling of [his] books." Dkt. 53, at 12. Accordingly, Trafford stopped distributing all Plaintiff's books. *Id.*

### C. OTHER CASES FILED REGARDING PLAINTIFF'S BOOKS

This is one of several cases the Plaintiff has filed regarding his books in U.S. District

Court for the Western District of Washington. *Casterlow-Bey v. Google.com, Inc.*, case number 17-5686 RJB *Casterlow-Bey v. Ebay.com*, case number 17-5687 RJB; *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB; *Casterlow-Bey v. Barnes and Nobles,* case number 17-5834; and *Casterlow-Bey v. Barnes and Nobles,* case number 17-5871.

On August 30, 2017, Plaintiff filed a case against Amazon and Google asserting they committed copyright infringement when Plaintiff's books were sold on their website. *Casterlow-Bey v. Google.com, Inc.*, case number 17-5686 RJB, Dkt. 1-1. On January 18, 2018, Defendants Amazon and Google's motions to dismiss pursuant to Fed. R. Civ. P. 12 were granted and the case was dismissed with prejudice. *Casterlow-Bey v. Google.com, Inc.*, case number 17-5686 RJB, Dkt. 27.

On August 30, 2017, Plaintiff filed a case against Ebay.com, asserting that Ebay.com committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Ebay.com*, case number 17-5687 RJB, Dkt. 1-1. Plaintiff sought injunctive relief and several million dollars in damages in that case. *Id*. Ebay.com moved to dismiss the claims asserted against it, in part, based on Plaintiff's failure to show that his books are registered with the U.S. Copyright Office; the motion was granted and the case was dismissed with prejudice on January 8, 2018. *Casterlow-Bey v. Ebay.com*, case number 17-5687 RJB, Dkt. 25.

On October 13, 2017, Plaintiff filed a case against "Barnes and Nobles," moved to proceed *in forma pauperis* ("IFP"), and provided a proposed complaint asserting that Defendant "Barnes and Nobles" committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Barnes and Nobles,* case number 17-5834, Dkts. 1 and 1-1. Plaintiff made reference to the Racketeer Influenced and Corrupt Organizations

Act, 18 U.S.C. § 1962, ("RICO"). *Id*. Plaintiff sought several million dollars in damages. *Id*. Barnes and Noble's motion to dismiss was granted, Plaintiff's claims were dismissed and the case is closed. *Casterlow-Bey v. Barnes and Nobles,* case number 17-5834, Dkt. 20.

In October of 2017, Plaintiff filed *Casterlow-Bey v. Barnes and Nobles,* case number 17-5871, moved for IFP, and provided a proposed complaint again asserting that Defendant "Barnes and Nobles" committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Barnes and Nobles,* case number 17-5871, Dkts. 1 and 1-1. Plaintiff again made reference to RICO violations. *Id*. Plaintiff sought injunctive relief and several million dollars in damages. *Id*. His motion for IFP was denied because the case was duplicative of the other cases he had already filed. *Casterlow-Bey v. Barnes and Nobles,* case number 17-5871, Dkt. 4. After being given an opportunity to pay the filing fee if he wished to continue with the case, the case was dismissed for failure to pay the filing fee. *Casterlow-Bey v. Barnes and Nobles,* case number 17-5871, Dkt. 5.

Of particular note here, *Casterlow-Bey v. Amazon, et. al*., case number 17-5833 RJB was filed on October 13, 2017; Plaintiff's proposed complaint in that case asserted that the Defendants (Amazon.com, Google.com, Barnes and Noble.com, eBay.com and Trafford) infringed on the copyrights he had on his books and violated RICO. *Casterlow-Bey v. Amazon, et. al*., case number 17-5833 RJB, Dkts. 1 and 5. This Complaint also alleged that Trafford "has a forged, fraudulent contract" for *Wildflower – An Urban Tale*, "signed by some unknown person, with non-existent address . . . with a phone number Plaintiff has never had." *Casterlow-Bey v. Amazon, et. al*., case number 17-5833 RJB, Dkt. 5. He maintained that this "bogus, illegal contract authorizes international sales of all three books." *Id.* The Plaintiff alleged that all of the books' copyrights belong to him, and the "theft, unlawful distribution of all three of these

copyrighted materials, done nationally and internationally by Defendants in a continuous 'covert operation' designed to deprive Plaintiff of the royalties from sales of all three books since 2006." *Id*. The Plaintiff maintained that he had "proof of numerous sales from Defendants' websites." *Id*. He also made reference to fraud. *Id*. Plaintiff sought several million dollars in damages. *Id*.

On March 19, 2018, the Defendants' motions to dismiss in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB were granted, Plaintiff's claims were dismissed with prejudice, and the case closed. *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB, Dkt. 58. Plaintiff's claims for copyright violations were dismissed because Plaintiff failed to demonstrate that he had a copyright on any book other than *Wildflower* and he failed to allege any facts in support of a claim for violation of the Copyright Act. *Id*. Plaintiff's RICO claim was dismissed because he failed to identify any RICO predicate acts. *Id*. His claims for fraud were dismissed because he failed to plead any facts which would support his claim of fraud against any of the Defendants, much less with particularity. *Id*. In declining to give Plaintiff leave to amend, the undersigned found:

> At this stage, it is absolutely clear that no amendment can cure the defects in Plaintiff's Complaint. In two other cases, Plaintiff was notified of the deficiencies in the complaints (which are the same deficiencies here against some of the same Defendants here) and given leave to amend. *Casterlow-Bey v. Ebay.com*, case number 17-5687 RJB, Dkts. 21 and 25; and *Casterlow-Bey v. Google.com, Inc.*, case number 17-5686 RJB, Dkts. 25 and 27. He did not do so in either case, and so the cases were dismissed with prejudice. *Id*. Further, Plaintiff did not respond to Barnes and Noble's motion to dismiss Plaintiff's claims for copyright infringement and RICO violations in *Casterlow-Bey v. Barnes and Nobles,* case number 17-5834. (The grounds for the motion to dismiss there were the same or similar to the issues raised in this case and in *Casterlow-Bey v. Ebay.com*, case number 17-5687 RJB, Dkts. 21 and 25; and *Casterlow-Bey v. Google.com, Inc.*, number 17-5686 RJB.) Accordingly, case number 17-5834 was dismissed with prejudice. Defendants have filed separate replies in this case each time the motions to dismiss were ripe for review or where, due to Plaintiff's late filings, Defendants assumed Plaintiff was not going to respond. Dkts. 44-47; 49-51 and 53-57. Plaintiff has been given multiple warnings and has failed to address the basic deficiencies in any of his complaints, including the one filed in this case.

Accordingly, Plaintiff should not be given leave to amend. The claims should be
dismissed with prejudice and the case closed.

*Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB, Dkt. 58.

Plaintiff did not appeal the dismissals in any of the cases filed regarding his books. *Casterlow-Bey v. Google.com, Inc.*, case number 17-5686 RJB *Casterlow-Bey v. Ebay.com*, case number 17-5687 RJB; *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB; *Casterlow-Bey v. Barnes and Nobles,* case number 17-5834; and *Casterlow-Bey v. Barnes and Nobles,* case number 17-5871.

### D. TRAFFORD'S MOTION FOR SUMMARY JUDGMENT

In its motion for summary judgment, Trafford argues that the claims asserted against it should be dismissed because they are barred by res judicata because the claims were raised or could have been raised in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB. Dkt. 51. Trafford argues that even if res judicata did not bar Plaintiff's claims, Plaintiff cannot show that there are issues of fact as to any of his claims; Trafford argues that it is entitled to a judgment as a matter of law. *Id.*

Plaintiff responds and argues that his claims are not barred by res judicata because the claims filed in this case were filed six months before the claims in *Casterlow-Bey v. Amazon, et. al.*, number 17-5833 RJB. Dkts. 55 and 57. He again asserts that he did not sign the June 28, 2014 contract, that the signature is a forgery, and that any checks sent to the address on the contract would have been returned because no such address existed. *Id.* Plaintiff argues that he "has not received a royalty payment on any book sales from [Trafford] since 2009 while there is evidence of both national and international sales of all Casterlow-Bey books." Dkt. 57, at 2. Plaintiff attaches documents to his responses that he asserts demonstrates the continued global sales of his books. Dkts. 55 and 57.

Trafford filed a reply and the motion is ripe for consideration.

**E. ORGANIZATION OF OPINION**

This opinion will first provide the standard on a motion for summary judgment, address whether the claims are barred by res judicata and lastly, whether the motion for summary judgment should be granted, by claim.

## II. DISCUSSION

**A. MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. RES JUDICATA**

Res judicata "precludes lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002). Res judicata applies where there is: "1) an identity of claims, 2) a final judgment on the merits, and 3) privity between the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003).

        1. Identity of Claims

Determining whether there is an identity of claims requires consideration of four criteria, which are not applied "mechanistically:"

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v Litton Electro-Optical Sys.,* 430 F.3d 985, 987 (9th Cir. 2005). "We have often held the common nucleus criterion to be outcome determinative under the first res judicata element." *Id.* "Whether two events are part of the same transaction or series

depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992)(*citing* Restatement (Second) Judgments § 24(2) (1982)).

Consideration of these factors counsels that there is an identity of claims in this case and in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB. Plaintiff's claims for copyright infringement, fraud, and conspiracy under RICO were dismissed with prejudice in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB, Dkt. 58. Plaintiff makes additional claim in this case for breach of contract – for the alleged failure to pay him royalties. Dkt. 7. This claim and all the others arise out of the same transactional nucleus of facts - Trafford's and the other's alleged distribution of Plaintiff's books and failure to properly pay Plaintiff. All the claims in this case, including the he breach of contract claim, "could have been raised in a prior action," *Stewart,* 297 F.3d at 956, and conveniently tried in his prior case.

Further, while the second and third factors do not appear to favor or disfavor application of the doctrine, the fourth factor (substantially the same evidence) favors a finding that there is an identity of claims. Accordingly, there is an identity of claims in this case and in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB and so this element of res judicata is met.

2. Final Judgment on the Merits

In order to be barred by res judicata, there must be a final decision on the merits. *Tahoe-Sierra, at 1077*. "[A] dismissal for failure to state a claim under Rule 12 (b)(6) is a 'judgment on the merits' to which res judicata applies." *Steward v. U.S. Bancorp,* 297 F.3d 953, 957 (9th Cir. 2002)(*internal citation omitted*).

There was a final judgment on the merits in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB, Dkt. 58. In *Casterlow-Bey v. Amazon*, Plaintiff's claims were dismissed with prejudice and over his objections. *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB, Dkt. 58. Plaintiff was not given leave to amend. He was given multiple warnings and failed to address the basic deficiencies in any of his complaints, including the one filed in that case - *Casterlow-Bey v. Amazon, et. al*. Certainly, the dismissal was involuntary. An "involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)(*internal quotation marks and citation omitted*)(holding that, unless otherwise specified, a dismissal for failure to prosecute under Fed. R. Civ. P. 41 (b) was a final judgment on the merits). The dismissal of the claims with prejudice in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB was a final judgment on the merits. This element of res judicata is met.

### 3. Privity Between the Parties

Plaintiff and Defendant Trafford were parties in *Casterlow-Bey v. Amazon, et. al.*, case number 17-5833 RJB. This element, that there be privity between the parties in this case and in the prior litigation, is met.

### 4. Conclusion on Motion for Summary Judgment Based on Res Judicata

Plaintiff's claims against Trafford are barred by res judicata. Even though Plaintiff argues that this case was filed first, and so can't be barred by res judicata, it is not the date the cases were filed, but the date that the judgment is entered that controls. *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1529 (9th Cir. 1985).

**C. MOTION FOR SUMMARY JUDGMENT BY CLAIM**

### 1. Breach of Contract

1   To maintain a claim in Washington for breach of contract, a Plaintiff must show: the existence of a valid contract, a breach of the contract, and damages. *See Meyers v. State*, 152 Wash. App. 823, 827, 828 (2009).

Plaintiff argues that there is no valid contract between Trafford and himself in regard to *Wildflower*. Dkts. 55 and 57. Accordingly, construing the facts in Plaintiff's favor and giving him every inference reasonably possible, Plaintiff has failed to demonstrate a key element: that there was a "valid contract."

Even assuming that there was a valid contract between the parties, Washington's six year statute of limitation on contracts (RCW 4.16.040) bars claims for failure to pay royalties before June of 2011.

Further, Plaintiff fails to point to evidence that Trafford breached the contract. Plaintiff alternatively argues that he has received no royalty payments and then states that the payments he received were less than $500.00. Dkts. 7, 55 and 57. He offers no evidence that he was paid less than he was due. He points to websites that list his book for more than the selling price he and Trafford agreed upon. Dkts. 7, 55 and 57. There is no showing that the contract between Plaintiff and Trafford govern these third-party seller's transactions.

Plaintiff has also failed to demonstrate damages. Trafford points out that Plaintiff cashed royalty checks and Plaintiff (at times) acknowledges that he received royalty payments. After this lawsuit was filed, Trafford stopped distributing his books, alleviating the need for the injunctive relief sought in the Complaint.

Plaintiff failed to point to issues of fact on any of the elements of his contract claim. It should be dismissed.

2.  <u>Copyright Infringement</u>

*a. Subject Matter Jurisdiction*

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "A district court does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration." *Corbis Corp., v. Amazon.com, In*c., 351 F.Supp.2d 1090, 1112, 77 U.S.P.Q.2d 1182 (W.D.Wash. 2004); *Safeair, Inc. v. Airtran Airways, Inc.*, 09-5053RJB, 2009 WL 801754, at *2 (W.D. Wash. Mar. 25, 2009).

As the undersigned noted in orders dismissing four other cases, Plaintiff does not allege that he has certificates of registration from the Copyright Office on any of his books in his complaint. A review of the records of the U.S. Copyright Office shows that only one book, *Wildflower*, is registered with the U.S. Copyright Office to Plaintiff Gary Casterlow-Bey; with the registration number: TXu001644896; date: 07-31-2009. Pursuant to Federal Rule of Evidence 201 (b)(2), a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The "court may take judicial notice on its own" . . . but if the "court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Federal Rule of Evidence 201 (c)(1) and (e). "Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008).

To the extent that Plaintiff makes a claim for copyright infringement against Defendant for any book other than *Wildflower,* the claim should be dismissed for lack of subject matter jurisdiction. Moreover, this is the fifth time Plaintiff has been informed of this burden, and he

has again failed to provide evidence of certificates of registration. Plaintiff cannot simply rely on his own allegations to demonstrate that the Court has subject matter jurisdiction. Plaintiff's claim for copyright infringement against Defendant for *Through the Eyes of a Gangster* and *Through the Eyes of a Gangster II* should be dismissed.

          b. *Copyright Infringement on the Merits for Wildflower*

Under the Copyright Act, copyright owners have the exclusive right to do or authorize the following:

    (1) to reproduce the copyrighted work in copies or phonorecords;
    (2) to prepare derivative works based upon copyrighted work;
    (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
    (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publically;
    (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
    (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

To the extent he makes them, Plaintiff's claims for copyright infringement against Trafford should be dismissed. Plaintiff has failed to point to any evidence that Trafford violated at least one of the rights granted under § 106. He does not give any details – only non-specific allegations that the Defendant sold his books both nationally and internationally and did not pay

him enough. Further, the "Copyright Act does not apply extraterritorially." *Los Angeles News Serv. C. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 990-91 (9th Cir. 1998). To the extent Plaintiff asserts copyright claims for violations outside the United States, on any of his books, his claims should be dismissed.

### 3. RICO

To maintain a claim for a civil RICO claim, a plaintiff show that the defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)(*citing* 18 U.S.C. §§ 1962(c), 1964(c)).

To the extent he makes one, Plaintiff's RICO claim should be dismissed with prejudice. Plaintiff fails to identify any RICO predicate acts, much less point to evidence supporting his claim. He fails to point to any evidence supporting any of the elements of a RICO claim. Defendant's motion should be granted and the RICO claim dismissed.

### 4. Fraud

Under Washington law, there are nine essential elements of fraud:

> (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage.

*Elcon Const., Inc. v. E. Washington Univ.*, 174 Wn.2d 157, 166 (2012).

To the extent Plaintiff asserts a claim for fraud, it should be dismissed. Plaintiff fails to point to evidence of any facts which would support his claim of fraud against Trafford. Plaintiff's bare assertion that Trafford committed "fraud," is insufficient; he doesn't point to any evidence based

on Trafford's actions.  Trafford's motion to summarily dismiss the fraud claim should be granted.

     5.   Conclusion on Motion for Summary Judgment on the Merits

The claims asserted in this case should be dismissed with prejudice and the case closed.

### III.   ORDER

It is **ORDERED** that:

- Defendant Trafford Publishing's Motion for Summary Judgment (Dkt. 51) **IS GRANTED;**
- Plaintiff's claims **ARE DISMISSED WITH PREJUDICE**; and
- This case **IS CLOSED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of July, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge